UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUANE M. WOOD,

Plaintiff,

v. Case No. 2:26-cv-2690-SPC-NPM

PAULINO BARBOSA and
FRANKIE POOSNER,

Defendants.
___________________________________/

**ORDER**

Plaintiff Duane M. Wood initiated this action by filing a *pro se* civil rights complaint. (Doc. 1). Wood is a pre-trial detainee at the Lee County Jail in Fort Myers, Florida. After review of the pleadings, the Court dismisses this case under 28 U.S.C. § 1915(g) because Wood did not pay his full filing fee when he filed his complaint.

Under § 1915(g), a prisoner cannot proceed *in forma pauperis* if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal court] . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct.

1721, 1723 (2020). And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax*, 140 S. Ct. at 1727.

The Court takes judicial notice of nine prior lawsuits brought by Wood in the Middle District of Florida that were dismissed as frivolous or malicious or for failing to state claim upon which relief may be granted: No. 2:25-cv-294SPC-KCD (failure to state a claim); No. 2:25-cv-298-JLB-NPM (frivolous and failure to state a claim); No. 2:25-cv-325-JLB-KCD (failure to state a claim); No. 2:25-cv-326-JLB-NPM (frivolous and failure to state a claim); No. 2:25-cv327-SPC-KCD (failure to state a claim); No. 2:25-cv-350-JLB-NPM (failure to state a claim); No. 2:25-cv-359-SPC-KCD (frivolous and malicious); No. 2:25cv-393-SPC-KCD (failure to state a claim); and No. 2:25-cv-407-SPC-KCD (frivolous and malicious). As Wood has three or more qualifying dismissals, he is barred from proceeding *in forma pauperis* in this case unless he faces imminent danger of serious physical injury.

The handwritten allegations of Wood's complaint are sparse and at times difficult to decipher. He alleges that, on June 7, 2026, while at the Gulf Coast Town Center shopping mall in Fort Myers, he was "brutally beaten down" by the two defendants, Paulino Barbosa and Frankie Poosner, identified as "law enforcement officers." Wood does not name their employing agency, but he gives the address for each as that of the Lee County Sheriff's Office Headquarters. Filing the complaint in late September 2026, Wood claimed to

have "plural/multiple fractures … not being attended to and not mending properly." He seeks to recover under 42 U.S.C. § 1983, claiming that the defendants violated his rights under the Eighth Amendment. On the last page of the complaint, Wood summarily asserts, "I, Duane Michael Ward, am in imminent danger of serious physical injury."

Wood thus seeks to invoke § 1915(g)'s imminent danger exception. To satisfy this exception, a prisoner must show he is in imminent danger at the time that he seeks to file his suit in district court. *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021). "Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g)." *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999). The Court considers "whether the prisoner's complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). "General assertions, however, are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Daker*, 999 F.3d at 1311 (cleaned up). Further, "the statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint." *Daker v. Robinson*,

802 F. App'x 513, 515 (11th Cir. 2020) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).

Wood's conclusory allegation that he is in imminent danger of serious physical injury does not establish the exception to § 1915(g). Nor does Wood's claim that the two defendants, working as law enforcement officers, violated his constitutional rights by physically assaulting him at a shopping mall several months before Wood filed the complaint. Such amounts to serious harm only in the past, and Wood does not allege that he continues to face a threat of assault, from the defendants or anyone else. *See Medberry*, 185 F.3d at 1192-93. Wood does allege that he suffered "multiple fractures" that are not "being attended to and not mending properly." Nevertheless, that allegation is vague rather than specific, nor does Wood claim that defendants or anyone else is liable based on an unconstitutional denial of medical care. Therefore, Wood's allegation alluding to a threat of serious physical harm related to his alleged fractures are not traceable to a violation of law alleged in the complaint. *See Daker*, 802 F. App'x at 515.

Because the complaint fails to show an imminent threat of serious physical harm, Wood was required to pay the full filing fee when he initiated this action, but he did not do so. This warrants dismissal under § 1915(g). If Wood wishes to pursue his claims, he must file a new complaint— under a new case number—and pay the full $405.00 filing fee.

Accordingly, it is **ORDERED**:

1. Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice under 28 U.S.C. § 1915(g).
2. The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, and close this file.

**DONE and ORDERED**, in Fort Myers, Florida October 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-3
Copies: All Parties of Record